**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KEITH LEHMANN; and CORAZON P.
LEHMANN,

        Plaintiffs,

vs.                                                         Case No. 6:12-cv-1077-Orl-37TBS

AMERICAN HOME MORTGAGE
CORP. d/b/a AMERICAN BROKERS
CONDUIT; WASHINGTON MUTUAL
MORTGAGE SECURITIES CORP.;
WAMU ASSET ACCEPTANCE CORP.;
WASHINGTON MUTUAL MORTGAGE
PASS-THROUGH CERITIFICATES,
WMALT SERIES 2006-5; BANK OF
AMERICA, N.A.; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; JP MORGAN CHASE
BANK, N.A.; ALL PERSONS CLAIMING
BY, THROUGH, OR UNDER SUCH
PERSON; ALL PERSONS UNKNOWN,
CLAIMING ANY LEGAL OR
EQUITABLE TITLE, ESTATE, LIEN, OR
INTEREST IN THE PROPERTY
DESCRIBED IN THE COMPLAINT
ADVERSE TO PLAINTIIFS' TITLE
THERETO; and DOES 1 to 20,
inclusive,

        Defendants.

_____

## ORDER

This cause is before the Court on the following:

1.      Defendants JPMorgan Chase Bank, N.A., Washington Mutual Mortgage

Securities Corp., WaMu Asset Acceptance Corp., U.S. Bank National

Association, as successor Trustee to Bank of America N.A., as Trustee for

Washington Mutual Mortgage Pass-Through Certificates, WMALT Series

2006-5, erroneously sued as both Bank of America, N.A. and Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-5, and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss, (Doc. 17), filed August 24, 2012; and

2. Plaintiffs' Opposition to Defendants' Motion to Dismiss (Doc. 20), filed September 5, 2012.

## BACKGROUND

Plaintiffs, appearing *pro se*, bring claims against numerous named and Doe Defendants relating to the securitization and enforceability of the mortgage on a property in Seminole County, Florida. (Doc. 1.) Plaintiffs allege that the original mortgage lender and subsequent holders of the note improperly assigned or sold the mortgage note and, as such, the mortgage is no longer enforceable. (*Id.* ¶¶ 21–24.) Plaintiffs further contend that the sale of the note itself from the original mortgage lender to subsequent holders renders the note invalid and unenforceable. (*Id.* ¶¶ 25–26.) Based on these allegations, Plaintiffs bring a claim of wrongful foreclosure in Count I, a claim of fraud in Count II, a quiet title claim in Count III, a breach of contract claim in Count IV,[1] a claim for violations of the Real Estate and Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., in Count V, and a claim for violations of the Truth in Lending Act ("TILA") in Count VI. (*Id.* ¶¶ 56–112.)

Defendants move to dismiss the complaint for failing to state a claim for which relief can be granted. (Doc. 17.)

---

[1] Plaintiffs' fourth count is labeled "Declaratory Relief". Title 28 U.S.C. § 2201 et seq. (the Declaratory Judgment Act), however, does not provide a cause of action or theory of recovery. Plaintiffs must still provide a substantive basis for their claim. Here, the Court construes the claim as one for breach of contract.

## STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The federal rules do not require "detailed factual allegations," but a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Randall v. Scott*, 610 F.3d 701, 708-09 (11th Cir. 2010) ("After *Iqbal* it is clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2), including civil rights complaints.").

In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). The facts alleged in the complaint must be accepted as true and construed in the light most favorable to the non-movant. *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006). Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiffs' complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *see also La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845–46 (11th Cir. 2004) (holding that a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate "if it is apparent from the face of the complaint that the claim is time-barred").

**DISCUSSION**

Plaintiffs assert two federal claims in their complaint, which form the basis for this Court's subject matter jurisdiction over this action. Defendants contend that both of Plaintiff's federal claims are time-barred and therefore must be dismissed.

With regard to the RESPA claim, the relevant statute of limitations for the violations alleged in the complaint is one year. 12 U.S.C. § 2614. TILA also provides a one-year statute of limitations for violations of its provisions. 15 U.S.C. § 1640(e). Plaintiffs' entered into the mortgage contract that is the subject of their claims in May 2006 (Doc. 17, Ex. A),[2] and any claim under RESPA or TILA would have arisen at the time of closing. Thus, Plaintiffs' RESPA and TILA claims would have been time-barred as of May 2008. These claims were not brought until 2012. Thus, such claims are time-barred and are due to be dismissed with prejudice.

With regard to Plaintiffs' remaining state law claims, the Court notes that its subject matter jurisdiction over this action is predicated upon 28 U.S.C. § 1331, i.e., federal question jurisdiction.[3] Because the Court finds that all of Plaintiffs' federal claims are due to be dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) (holding "if the federal claims are dismissed prior to trial, Gibbs strongly encourages or even requires dismissal

---

[2] The loan and mortgage contract is integral to the complaint and Plaintiffs' claims. As such, the contract is properly considered on a motion to dismiss. *See Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (holding that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal").

[3] The complaint does not adequately allege diversity jurisdiction, nor does it provide an alternative basis for this Court's subject matter jurisdiction.

of the state law claims"). Such claims are therefore dismissed without prejudice.

## CONCLUSION

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1.      Defendants' Motion to Dismiss, (Doc. 17) is **GRANTED**. Count V and Count VI of the Complaint are **DISMISSED WITH PREJUDICE**. Plaintiffs remaining claims are **DISMISSED WITHOUT PREJUDICE**.

2.      The Clerk is directed to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 19, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record
*Pro Se* Parties